STATE HIGHWAY DEPARTMENT *v.* CAMPBELL *et al.*

(Division A. May 13, 1935. Suggestion of Error Overruled June 10, 1935.)

[161 So. 461. No. 31726.]

**E. R. Holmes, Jr.,** Assistant Attorney-General, for appellant.

**Logan & Barbee**, of Hernando, for appellees.

400

Argued orally by **E. R. Holmes, Jr.**, for appellant, and by **R. F. B. Logan**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellant instituted a proceeding in the court of a justice of the peace under section 1480 et seq., Code 1930, for the condemnation of land owned by the appellees, for use as part of a public highway. The judgment rendered awarded the appellees damages in the sum of two thousand five hundred dollars, from which the appellant appealed to the circuit court. A motion by the appellees to dismiss the appeal was sustained. The ground of this motion is that, after the rendition of the eminent domain judgment, the appellant accepted the benefit thereof by entering upon and appropriating the land, thereby waiving its right to appeal. In support of its claim that this motion should have been overruled, the appellant says, first, that it had the right to enter upon and appropriate the land for highway purposes without first compensating the appellees therefor; and, second, although at the time the motion was sustained it was in possession of the land, and using it for highway purposes, that it entered upon and appropriated the land prior to the commencement of the eminent domain proceeding.

The first of these contentions will be left out of view, and no opinion expressed thereon, for the reason that the judgment of the court below sustaining the motion to dismiss the appeal must be reversed on the appellant's second ground therefor. The evidence discloses that

prior to the commencement of the eminent domain proceeding the appellant had entered upon the land, and had done everything necessary towards the construction of the highway thereon, except laying concrete, although, according to the appellees, this was done without their consent. We are not here concerned with the right of the appellant to enter upon and appropriate the land prior to compensating the appellees therefor, and express no opinion thereon. Assuming merely for the purpose of the argument that this appropriation of the land was wrongful, nevertheless the appellant was not deprived thereby of exercising its right to condemn the land for highway purposes; and it did nothing after the eminent domain judgment was rendered that it was not doing prior to the institution of the proceeding therefor.

The motion to dismiss the appeal should have been overruled.

Reversed and remanded.